EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* NICOLÁS GARCÍA, acusado y apelante; EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CIRIACO AGOSTO, acusado y apelante.

Nos. 3795 y 3796.—*Sometidos:* Marzo 4, 1929.—*Resueltos:* Marzo 12, 1929.

*Arturo Aponte,* abogado de los apelantes; *José E. Figueras* y *Benjamín Guerra,* abogados de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Fiscal de la Corte de Distrito de Humacao y el de esta Corte Suprema solicitan la desestimación del recurso No. 3795 interpuesto por el acusado el 21 de diciembre de 1927. En su moción alegan y demuestran, *prima facie,* por medio de varias certificaciones y un *affidavit* acompañados a la misma, que el apelante no ha sido diligente, no obstante las prórrogas que ha solicitado y obtenido de la corte sentenciadora para presentar su pliego de exposición del caso y excepciones.

El propio día 21 de diciembre de 1927 en que interpuso su apelación, el apelante solicitó un término de sesenta días que le fué concedido para preparar su exposición del caso y pliego de excepciones. Vencido el término sin que el documento se presentara, fué el apelante solicitando prórrogas y más prórrogas que sin dificultad obtuvo de la corte de Distrito hasta el momento actual. ¿Y que más hizo?

Nada. Ni siquiera se dirigió al taquígrafo pidiéndole que con sus notas le proporcionara la base para preparar su exposición, según lo afirma dicho funcionario en el *affidavit* acompañado a la moción.

El apelante se opuso a la desestimación presentando su abogado un affidavit en el que sostiene que le asiste una buena y suficiente causa de defensa que expone y dice que solicitó del taquígrafo en tiempo la transcripción del récord y dicho funcionario se obligó a proporcionársela sin cobrar nada por tratarse de un acusado pobre.

En el acto de la vista de la moción estuvieron presentes el Fiscal de Humacao y el abogado del acusado informando ambos no sólo extensa sino apasionadamente sobre el asunto, criticando fuertemente el abogado la conducta del fiscal al solicitar la desestimación.

Deseamos decir que consideramos un claro deber del fiscal el de velar porque las apelaciones que se interpongan en las causas criminales de su distrito se tramiten con la debida diligencia, solicitando en casos apropiados, por medio y de acuerdo con el Fiscal de esta Corte Suprema, la desestimación de los mismos.

No es ella una práctica recomendable en todos los casos, pero es lo cierto que las cortes conceden generalmente las prórrogas que se les piden de conformidad con la súplica, y es que confían en la vigilancia de la parte contraria, y en las causas criminales la parte contraria al acusado es El Pueblo a quien representa el fiscal.

Expuesto lo que antecede y recordando lo que hemos manifestado en varias ocasiones acerca de que por regla general se desnaturalizan los debates judiciales cuando a ellos se llevan cuestiones personales de los abogados, diremos que a nuestro juicio el caso *prima facie* del fiscal no quedó destruido por la defensa.

Fué contradicho en verdad el *affidavit* del taquígrafo por el *affidavit* del abogado, pero como éste no demostró gestión

alguna cerca de la corte, ni aportó el más leve dato demostrativo de que realmente se ocupara de la apelación fuera de la petición de las prórrogas, nos vemos obligados a llegar a la conclusión que dejamos expuesta y *a desestimar la apelación* aplicando la regla 59 del Reglamento de esta Corte Suprema.

También solicitan los fiscales la desestimación del recurso No. 3796 por igual motivo.

Examinada la moción que se presentó en esta Corte Suprema el 25 de febrero último y la certificación acompañada a la misma, resulta que la apelación se interpuso el 21 de julio de 1927; que en igual fecha pidió y obtuvo el apelante que se le permitiera litigar en forma pauperis; que al día siguiente pidió y obtuvo un plazo de sesenta días para preparar el pliego de exposición del caso y excepciones, ordenando la corte al taquígrafo que le proporcionara libre de gastos la transcripción del récord; que fué solicitando prórrogas y más prórrogas habiéndose concedido la última de veinte días el 4 de febrero de 1929, sin que se archivara el documento.

Se opuso el apelante presentando una certificación de haber archivado en la secretaría de la corte sentenciadora el 2 de marzo de 1929 el pliego de exposición del caso y excepciones y un *affidavit* consignando que había requerido constantemente al taquígrafo para que le proporcionara el récord sin poderlo obtener y:

"Que esta apelación no ha sido interpuesta con el propósito de demorar la acción de la justicia, sino que por el contrario tiene por único fin que se revisen las actuaciones de la corte inferior, las cuales han resultado en este caso, más que en ningún otro, a juicio del abogado que suscribe, completamente erróneas, así como la actitud del Ministerio público al obtener ventajas indebidas sobre el acusado, como se demostrará en su día en el alegato que ha de presentarse oportunamente ante esta Hon. Corte, siendo, entre otras, las cuestiones envueltas las siguientes: (*a*) Error de la corte inferior al negarse a dar las instrucciones de la defensa sobre la reputación de

la perjudicada como mujer pública. (*b*) Error al permitir al fiscal en corte abierta obligando al acusado a suministrar prueba y declarar contra su voluntad. (*c*) Error en la admisibilidad de manifestaciones de la perjudicada varios días después del hecho. (*d*) Ilegalidad del veredicto. (*e*) Error de la corte al negarse a conceder el sobreseimiento de la causa. (*f*) Error de la corte al trasmitir al jurado sus instrucciones sobre el informe médico practicado 4 meses después del supuesto hecho, es decir, del examen hecho 4 meses después.''

Oralmente el abogado del apelante, en el acto de la vista de la moción, dió color a los errores, presentándolos como de gran bulto. Fué contradicho por el fiscal y al encontrarnos ahora con lo único que consta de los autos no creemos que sea bastante para estar justificados en permitir que la apelación continúe adelante en bien de la justicia.

Hay aquí una circunstancia favorable al apelante y es la de haberse ordenado por la corte al taquígrafo que le proporcionara el récord, pero esa orden se dictó el 22 de julio de 1927 o sea hace ya cerca de dos años, sin que conste que el apelante se dirigiera de nuevo a la corte en solicitud de alguna medida que obligara a actuar al taquígrafo.

Se insiste en que ya se presentó la exposición del caso y que ello constituye una buena defensa de acuerdo con la regla 58 del Reglamento de este tribunal. La regla no se refiere a la presentación de la exposición en la corte sentenciadora sino en la de apelación, pero aún aplicándola por tratarse de una situación semejante, lo sería si la exposición se hubiera archivado antes de la moción de desestimación y aquí se archivó días después. Además, a juzgar por lo que muestran los autos, la exposición se radicó vencida ya la última prórroga que se concediera al apelante por la corte de distrito.

*Apreciadas todas las circunstancias concurrentes, creemos que también debe desestimarse la apelación No. 3796.*